UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ALGONQUIN POWER INCOME FUND; and
ALGONQUIN POWER SYSTEMS, INC.;

                               Appellants,

    -v-                                                                                  6:08-CV-1300

CHRISTINE FALLS OF NEW YORK, INC.
and TRAFALGAR POWER INC.,

                               Debtor-Appellees.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                     OF COUNSEL:

MENTER RUDIN & TRIVELPIECE          JEFFREY A. DOVE, ESQ.
Attorneys for Algonquin Power Parties      JAMES C. THOMAN, ESQ.
308 Maltbie Street Suite 200
Syracuse, New York 13204-1498

HARRIS BEACH PLLC                     PAUL J. YESAWICH, III, ESQ.
Attorneys for Trafalgar Power Parties       LAURA W. SMALLEY, ESQ.
99 Garnsey Road
Pittsford, New York 14534

HARRIS BEACH PLLC                     WENDY A. KINSELLA, ESQ.
Attorneys for Trafalgar Power Parties
300 South State Street
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

**I. INTRODUCTION**[1]

       On October 27, 2008, Hon. Stephen D. Gerling, then-Chief United States

Bankruptcy Judge for the Northern District of New York, entered a decision on Harris Beach's

---

[1] See the previous decisions in this matter for detailed facts and background.  See Trafalgar Power Inc. v. Aetna Life Ins. Co., 414 B.R. 22, 24 (N.D.N.Y. 2009) (collecting cases).

request for modification of the terms of its appointment as debtors' special litigation counsel. (Doc. No. 1-7.)  Over the opposition of Algonquin Power Income Fund, Algonquin Power Systems, Inc. (collectively "Algonquin"), and Hydro Investors, Inc. ("HII"), Judge Gerling required Harris Beach to submit evidence supporting the proposed compensation in the amount of $960,000 for services rendered in the District Court Litigation through April 30, 2008, before he would consider the request for approval.  Id. at 7.  Moreover, the Bankruptcy Court declined to relieve Harris Beach of the obligation to submit monthly fee statements as it had requested.  Id. at 8.

Algonquin appealed the October 27, 2008, Order contending that the wrong standard was applied and modification exacerbated a conflict of interest.  Debtors Christine Falls, Inc. and Trafalgar Power Inc. (collectively "debtors" or "Trafalgar") opposed.  The appeal was taken on submission without oral argument.

## II.  STANDARD OF REVIEW

In reviewing a bankruptcy court's decision, a district court applies the clearly erroneous standard to conclusions of fact and *de novo* review to conclusions of law.  In re Manville Forest Prods. Corp., 209 F.3d 125, 128 (2d Cir. 2000); In re Petition of Bd. of Directors of Hopewell Int'l Ins. Ltd., 275 B.R. 699, 703 (Bankr. S.D.N.Y. 2002); Fed. R. Bankr. P. 8013.

## III.  DISCUSSION

### A.  Fee Award

Under 11 U.S.C. § 330, a bankruptcy court may award a reasonable fee to an attorney or other professional appointed pursuant to Code section 327(a).  Riker v. Official Comm. of Unsecured Creditors (In re Smart World Techs., LLC), 552 F.3d 228, 232 (2d Cir.

2009 (herinafter "In re Smart World").  The bankruptcy court reviews the requested attorneys fees to determine what "'reasonable compensation' based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors'" should be awarded.  Id. (quoting 11 U.S.C. § 330(a)).  Once the determination of reasonableness is made, that sum is reduced "by the amount of any interim compensation awarded under section 331."  11 U.S.C. § 330(a)(5).  Section 331 permits the bankruptcy court to grant interim attorneys fees "for services rendered before the date of such an application" after giving notice and holding a hearing.  Id. § 331.

  Here, Harris Beach requested a modification of terms of its interim fee previously approved by the Bankruptcy Court.  Although § 331 does not explicitly provide that an interim fee award must be reasonable, reasonableness is a logical standard because it constitutes a portion of the full compensation due to the attorney, which is required by § 330(a) to be reasonable.

  Judge Gerling required an explanation for the $960,000 interim award for services to date stating: "this Court has an obligation to review [the compensation's] reasonableness . . . ." (Doc. No. 1-7 at 7.)  Thus, Judge Gerling applied the correct legal standard to his review of the request for modification.

  Algonquin contends that 11 U.S.C. § 328(a), which permits modification of approved compensation "after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."  Thus, § 328(a) applies when "the court pre-approves the terms and conditions of the retention" and circumscribes the ability to change the compensation previously approved.  In re Smart World, 552 F.3d at

232. The after-the-fact reasonableness inquiry and the modification of pre-approved fees inquiry are "mutually exclusive." Id. at 232-33. Harris Beach was not hired with a pre-approved compensation package subjecting a modification to the requirements of § 328(a). Rather, the appointment was made pursuant to § 327 and the bankruptcy court was simply being asked to approve a request for amended interim compensation pursuant to § 331 on terms agreed to among debtors, debtors' principal (Marina Development, the payor of Harris Beach's compensation) and Harris Beach. The Bankruptcy Court properly reviewed the request for modification for reasonableness.

### B. Creation of Conflict

The Bankruptcy Court outlined the arguments of the parties but did not make a specific finding that the new fee payment schedule would or would not create a conflict. However, to the extent the modification was approved, it can be inferred that there was no conflict sufficient to preclude Marina from paying Harris Beach's compensation for its representation of debtors.

Algonquin argues that permitting Marina Development to pay the modified compensation to Harris Beach (debtors' counsel) puts counsel in a conflict of interest situation faced with divided loyalties. The basis for the argument is that the equity holder of Marina Development, was previously Arthur Steckler and now is a trust for the benefit of Steckler's children; Marina Development is the sole shareholder of debtor Trafalgar Power; and Trafalgar Power is the sole shareholder of debtor Christine Falls. According to Algonquin, Harris Beach's loyalties are divided between Steckler and the debtors when its compensation is being paid by third-party Marina Development.

Marina Development has been paying attorneys fees to Harris Beach for its representation of debtors since at least November 8, 2006.  The modified compensation schedule provides for a payment of an agreed-upon amount to cover services rendered through April 30, 2008 (which is currently before the Bankruptcy Court to consider the reasonableness of the amount), as well as contingencies for future work.  This is no different than the payments being made by Marina Development since November 8, 2006, except in amount.  Algonquin has failed to show how the modification created or worsened a conflict situation.  Moreover, Algonquin argued conflict as a reason why modification should not be approved, but did not make a motion to disqualify Harris Beach.

Had Algonquin made such a motion, it would have had the burden of establishing that disqualification was warranted upon consideration of all the appropriate competing interests.  See In re Kelton Motors, Inc., 109 B.R. 641, 650 (Bankr. D. Vt. 1989).  Again, Algonquin did not make such a motion.

Also it is notable that there is no per se rule against an insider such as a corporate debtor's principal assuming responsibility for payment of compensation to the debtor's attorney.  See id. at 657.  Further, the facts of the case indicate that the interests of Steckler, Marina Development, and the debtors are united and no divided loyalties are apparent.  See Bank Brussels Lambers v. Coan (In re AroChem Corp.), 176 F.3d 610, 627 (2d Cir. 1999) (approving representation where identity of interests shared).  Finally, upon conclusion of the case the Bankruptcy Court "has at [its] disposal an armamentarium of permissible remedies, including . . . disqualification [and] disallowance of all or some fees" should adverse interests become apparent.

Therefore, a potential conflict of interest on the part of Harris Beach provides no grounds for rejecting the proposed modification of its compensation.

## IV. CONCLUSION

The Bankruptcy Court did not err in applying the incorrect standard to Harris Beach's request for modification.  Rather, the reasonableness standard was properly applied and the correct conclusion was reached--modification approved with appropriate documentary support for the amount requested and requiring a continued obligation for monthly fee statements.  A potential conflict of interest did not create a basis for denying the requested modification.

Accordingly, it is

ORDERED that the October 27, 2008, decision of the Bankruptcy Court is AFIRMED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: December 9, 2009
        Utica, New York.